NUMBER 13-99-172-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI



___________________________________________________________________


CONNIE CALVERT, Appellant,


v.


STATE FARM LLOYDS, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. Three


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Seerden, Chavez, and Rodriguez



Opinion by Justice Chavez




 Appellee State Farm Lloyds provided homeowner's insurance for
appellant Connie Calvert. Calvert noticed cracks in the foundation and
walls of her house, and also in the outer walls of an above ground
jacuzzi in her backyard. Calvert filed a claim with State Farm, and State
Farm hired consultants to perform inspections at Calvert's home and to
determine the cause of these cracks. The consultants noted a leak in a
plumbing line connecting to a wet bar inside the house, and also a
plumbing leak within the walls of the jacuzzi. Although recommending
that the leaks be fixed, the consultants concluded that climactic forces,
not the plumbing leaks, were responsible for the cracks in Calvert's
house and jacuzzi. Fixing both leaks would involve some expense in
breaking through walls to access the leaks. State Farm paid to access
the leaking plumbing connecting to the wet bar, but denied all other
claims on the ground that they were not covered under Calvert's
homeowner's policy. 

 Calvert brought suit over the denial of her claim for damages to the
jacuzzi, alleging breach of contract and that State Farm had denied her
claim in bad faith. State Farm moved for summary judgment, which
was granted. We affirm the judgment of the trial court. 

 The standard of review in a summary judgment case is well-established:

 


 The movant for summary judgment has the burden of
showing that there is no genuine issue of material fact
and that it is entitled to judgment as a matter of law.
 In deciding whether there is a disputed material fact
issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true.
 Every reasonable inference must be indulged in favor of
the non-movant and any doubts resolved in its favor.



American Tobacco Co. v. Grinell, 951 S.W.2d 420, 425 (Tex. 1997);
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985).

 Calvert was covered under Form B of the Standard
Homeowner's Policy. "Coverage A (Dwelling)" of that policy includes
coverage for the "dwelling" as well as "other structures on the
residence premises set apart from the dwelling by clear space." 
Calvert's jacuzzi is clearly such a structure.

 However, among the exclusions to the policy is this provision:We do not cover loss under Coverage A (Dwelling) caused by
settling, cracking, bulging, shrinkage, or expansion of
foundations, walls, floors, ceilings, roof structures, walks,
drives, curbs, fences, retaining walls or swimming pools.


The Texas Supreme Court has determined, however, that this exclusion
is repealed by a provision of the "Perils Insured Against" section of the
policy for situations where the damage is caused by plumbing leaks. 
See Balandran v. Safeco Ins. Co. of Am., 972 S.W.2d 738, 742 (Tex.
1998). The provision of the "Perils Insured Against" section provides
coverage for damage caused by:

Accidental Discharge, Leakage, or Overflow of Water or
Steam from within a plumbing, heating or air conditioning
system or household appliance. A loss resulting from this
peril includes the cost of tearing out and replacing any part
of the building necessary to repair or replace the system or
appliance. But this does not include loss to the system or
appliance from which the water or steam escaped. (Bold
type in original.)


 In this case, the uncontroverted conclusion of the consultants
hired by State Farm was that the cracks in the outer walls of the jacuzzi
were not caused by a plumbing leak. Therefore, the "exclusion repeal"
for plumbing leaks discussed in Balandran does not provide coverage
under the facts of this case. Furthermore, because the walls of the
jacuzzi are part of the "system or appliance from which the water or
steam escaped," the policy does not provide coverage for the expense
of breaking into the jacuzzi walls to repair the leaking plumbing.

 We conclude that no coverage is provided under Calvert's policy,
and the trial court did not err in granting summary judgment to State
Farm. The judgment of the trial court is affirmed.

 MELCHOR CHAVEZ

 Justice


Do not publish.

TEX. R. APP. P. 47.3.


Opinion delivered and filed this

the 8th day of June, 2000.